

United States Department of Justice

United States Attorney's Office
Western District of Louisiana

October 25, 2018

*United States Courthouse*  *United States Courthouse*
*300 Fannin Street, Suite 3201*  *800 Lafayette Street, Suite 2200*
*Shreveport, Louisiana  71101*  *Lafayette, Louisiana  70501*
*Phone: 318-676-3600*  *Phone: 337-262-6618*
*Fax:     318-676-3660*   *Fax:     337-262-6682*

Honorable Lyle W. Cayce, Clerk
U. S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

    RE:   *United States v. Christopher Douglas*
           Fifth Circuit No. 17-30884
           -   *Consolidated With* –
           *United States v. Christopher L. Douglas*
           Fifth Circuit No. 17-30890
           District Court Nos. 5:17-CR-70-1 and 5:16-CR-157-1

Dear Mr. Cayce:

       Pursuant to the Court's October 17, 2018 order, the United States files this letter brief addressing (1) whether the defendant's sentences are consistent with U.S.S.G. §§ 3D1.4 and 5G1.2, and (2) if they are not, the result of any error.

**1.    Though the Fifth Circuit has apparently never addressed whether charges in separate indictments originally returned in different judicial districts should be treated as multiple counts of conviction rather than separate cases, a natural reading of U.S.S.G. § 3D1.1, Application Note 1, and U.S.S.G. § 5G1.2, Application Note 1, and the law of other circuits suggest the court should have treated them as multiple counts of conviction.**

       Douglas was convicted by guilty plea of unrelated crimes committed in two different districts on different occasions:  kidnaping conduct in the Eastern District of Texas, and drug trafficking conduct in the Western District of Louisiana.  As noted in the United States' principal brief at footnotes 5 and 7,

the probation officer treated the two charges as two separate cases, preparing separate PSRs on each. As a result, the probation officer did not apply the multiple-count adjustment rules included in U.S.S.G. §§ 3D1.1, et seq., to obtain a single, consolidated, advisory range. Instead, the PSR on the kidnapping conduct recommended an advisory range of 262-327 months (based on a total offense level of 34), ROA.17-30884.86, and the PSR on the drug conduct recommended an advisory range of 188-235 months (based on a total offense level of 31), ROA.17-30890.98. Neither party objected to this approach. ROA.17-30884.90, 17-30890.102.

In imposing sentence, the district court also treated the two counts of conviction as separate cases, sentencing the defendant first on the kidnaping charge, and then on the drug charge, and ordering the defendant to serve those sentences partially consecutively. ROA.17-30884.38-43. The defendant did not contemporaneously object to either sentence on any ground, including the court's decision to treat the two counts of conviction as separate cases. ROA.17-30884.47.

The current version of Application Note 1 to U.S.S.G. § 3D1.1, a provision addressing how to determine the offense level on multiple counts, provides that "[f]or purposes of sentencing on multiple counts of conviction, counts can be … contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding." Similarly, Application Note 1 to § 5G1.2, a provision addressing how to implement the "total" sentence on multiple counts of conviction, provides that it "applies to multiple counts of conviction … contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding."

The undersigned has located no decision of this circuit in which either § 3D1.1, et seq., or § 5G1.2 was applied in a case like this one, where the charges were contained in separate indictments originally brought in different judicial districts. However, other circuits have. In *United States v. Herula*, 464 F.3d 1132 (10th Cir. 2006), cited at footnote 7 of the United States' principal brief for this same proposition, the defendant pleaded guilty to wire fraud charges contained in an indictment returned in the District of Colorado, and wire fraud, bankruptcy fraud, and money laundering charges contained in an information originally filed in the district of Rhode Island. The PSR, applying the § 3D1.1 et seq., multiple-count adjustment rules, determined a single, combined offense level of 35, four levels higher than if the cases were

treated separately. Then, citing § 5G1.2, the PSR determined a combined guideline range of 188-235, higher than the 121-151 month range that would have applied under a separate calculation. Herula timely objected on the ground that the grouping provisions were only triggered by formal consolidation; the district court overruled his objection. *Herula*, 464 F.3d at 1134-35. The Tenth Circuit affirmed, finding, in the light of the plain language of the Application Note, that the "multiple count" provisions were applicable even though the two cases had never been formally consolidated.[1] *Id*. at 1135-36.

The Second and Fourth Circuits have also applied the § 3D1.1, et seq., multiple-count adjustment rules where the defendant pleaded guilty to charges brought in different judicial districts. *See e.g., United States v. Leung*, 360 F.3d 62, 66 (2d Cir. 2004) (affirming application of the Chapter 3 multiple-count adjustment rules where the defendant pleaded guilty in the Southern District of New York to charges originating in that district, and to charges transferred under Rule 20 from the District of Hawaii, though finding the court erred in applying those rules in a manner that double-counted his obstructive conduct); *United States v. Wessells*, 936 F.2d 165, 168-69 (4th Cir. 1991) (applying the Chapter 3 multiple-count adjustment rules to conduct originally charged in three different districts).

The lack of Fifth Circuit precedent on this issue notwithstanding, the plain language of the two Application Notes, along with the background to Amendment 707, and an apparent lack of case law treating this scenario any other way, all suggest the Chapter 3 multiple-count adjustment rules (§ 3D1.1, et seq.) and § 5G1.2 apply regardless of whether the multiple indictments

---

[1] The Tenth Circuit in *Herula* engaged in an analysis that is unnecessary here, as the version of § 3D1.1 applicable to Herula's case did not include Application Note 1, which currently defines "multiple counts of conviction" to include charges in separate indictments. At the time *Herula* was decided, that Application Note appeared only in § 5G1.2, which, as *Herula* noted, "is not directly applicable to the initial calculation of the guideline range." *Herula*, 464 F.3d at 1137. Embracing the holdings of two other circuits, the Tenth Circuit concluded "§ 5G1.2 does not make sense unless its definitions are read back into Chapter 3, Part D's grouping analysis," and thus found § 5G1.2's provision regarding "different indictments or informations" equally applicable in determining the offense level under § 3D1.1, et seq. *Herula*, 464 F.3d at 1136-37. The current version of § 3D1.1, Application Note 1, is the result of Amendment 707, effective November 1, 2007. According to the Commission, it was intended to "clarify[y] that he grouping rules apply not only to multiple counts in the same indictment, but also to multiple counts in different indictments when a defendant is sentenced on the indictments simultaneously." U.S.S.G. Supplement to Appendix C, Amendment 707, "Reason for Amendment."

originated in the same district. The district court most likely erred in treating the two counts of conviction as separate cases rather than applying § 3D1.1, et. seq., to determine a combined offense level.

**2. Assuming for purposes of argument that the district court should have treated the two offenses as multiple counts of conviction, the total sentence imposed—420 months—is not consistent with U.S.S.G. §§ 3D1.4 and 5G1.2.**

Had the probation officer applied §§ 3D1.1 et seq., and particularly §§ 3D1.2 and 3D1.4, Douglas's combined advisory range would have been higher than the ranges separately calculated for each count, but slightly lower than the total sentence ultimately imposed. Under § 3D1.2, the two counts of conviction on his unrelated criminal offenses would not have been grouped together; instead, each would represent its own group. *See* U.S.S.G. §§ 3D1.2(a)-(d) (providing for grouping of "counts involving substantially the same harm," such as where they involve the same victim or transaction; where they involve multiple transactions that were part of a common scheme or plan; where one count embodies conduct treated as specific offense characteristic of, or an enhancement to, the guideline applicable to the other count; or when the offense level is determined largely on the basis of an aggregated harm).

Thus, the "Kidnaping Group" would have an offense level of 37, and the "Drug Group" would have an offense level of 34.[2] Under § 3D1.4, the provision used to determine a combined offense level, the group with the highest offense level, the Kidnaping Group, would count as one "Unit," and because the Drug Group was between 1 and 4 levels less serious, it would similarly count as one "Unit." U.S.S.G. § 3D1.4(a). According to the table in § 3D1.4, 2 Units corresponds to a 2-level increase in offense level, which would have produced a combined offense level subtotal of 39.

Subtracting three levels for Douglas' timely acceptance of responsibility would have produced a total combined offense level of 36, which, when coupled with his criminal history Category VI, would have correlated to an advisory range of 324-405 months. That range overlaps slightly with the 262-327 month range separately calculated for the kidnaping conduct, ROA.17-

---

[2] According to the basic instructions for calculating the advisory range, the Chapter 3 multi-count adjustment rules are applied before any reduction for acceptance of responsibility is assessed. U.S.S.G. §§ 1B1.1(a)(4) and (5). Thus, the offense levels before the U.S.S.G. § 3E1.1 reduction was applied would have been used in the calculation.

4

30884.86, and it is significantly higher than the 188-235 month range separately calculated for the drug conduct, ROA.17-30890.98.

Regarding § 5G1.2, which addresses how to implement the "total" sentence of imprisonment, the kidnaping count carried a statutory maximum sentence of life; the drug count carried a statutory maximum penalty of 40 years. 18 U.S.C. § 1201(c); 21 U.S.C. § 841(b)(1)(B)(viii). As the statutory penalty on the kidnaping count, life, was "adequate to achieve the total punishment" recommended by the advisory range of 324-405 months, pursuant to U.S.S.G. § 5G1.2(c), the guidelines recommended concurrent sentences of between 324 and 405 months. The sentence imposed on the kidnaping charge (324 months) is at the low end of that range, and the sentence imposed on the drug charge (192 months) is well below that range. However, the total sentence imposed—420 months (324 months on the kidnaping charge, and 192 months on the drug charge, with 96 months of the latter sentence to be served consecutively), is above the combined advisory range. Thus, assuming the court should have determined a single, combined range rather than two separate ranges, the sentence imposed is not consistent with §§ 3D1.4 and 5G1.2.

**3. Regardless, this error has no effect on the outcome of this appeal, as the defendant has waived review of the determination of the advisory range, both through an appellate waiver (as to the kidnaping sentence) and through his failure to raise in his opening brief any issue regarding the correctness of the advisory range (as to both sentences).**

On appeal, the defendant raised only one argument: that the 324-month sentence on the kidnaping conduct and the 192-month sentence on the drug conduct, with 96 months of the latter sentence to be served consecutively to the former sentence, is substantively unreasonable. Douglas' brief at p. 2. The defendant did not argue that the advisory range was improperly calculated in any respect. Further, though the United States, in its brief, asserted that any review of his kidnaping sentence was barred by the appellate waiver in the plea agreement pertaining to that charge, United States' brief at pp. 24-25, Douglas did not file a reply brief contending otherwise.

The United States maintains, as asserted in its brief, that any claim the advisory range was improperly calculated is waived. First, as to *any* aspect of the 324-month sentence on the kidnaping conduct, including the guideline calculation, review is waived in light of the appellate waiver in Douglas' plea

5

agreement. ROA.17-30884.51. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) ("Bond does not allege, and there is no indication in the record, that his ratification of the plea agreement was anything but voluntary. Because he indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."). This Court has recognized that a guideline calculation error does not trigger a "miscarriage-of-justice"-type exception to enforcement of an appeal waiver. *United States v. Maurer*, 377 F. App'x 409, 410 (5th Cir. 2010) ("In the present case, we need not determine whether we should adopt a miscarriage-of-justice exception to the enforcement of appeal waivers because Maurer's substantive claim is a relatively standard challenge to the district court's guidelines range calculation that would not fall within a miscarriage-of-justice exception.").

As to the 192-month sentence on the drug conduct, 96 months of which are to be served consecutively to the kidnaping sentence, the defendant has waived review of the guideline calculation by opting not to raise it in his opening brief on appeal. *See* United States' brief at p. 26, n. 5, and pp. 32-33, n.7 (citing *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994)). Though that is not a jurisdictional principle, this Court has frequently applied it to guideline calculation issues. *See e.g., United States v. Wikkerink*, 841 F.3d 327, 336 (5th Cir. 2016) ("Despite the Government's concession, however, Wikkerink's brief does not raise the argument that the instant offense was not a covered sex crime for purposes of § 4B1.5. Thus, Wikkerink has waived any argument that § 4B1.5 was inapplicable due to the nature of the instant offense."); *United States v. Hernandez*, 633 F.3d 370, 377 & n.13 (5th Cir. 2011) (declining to consider guideline-based arguments that were only raised at oral argument and in a Rule 28(j) letter on the ground that those arguments were waived); *United States v. Solis*, 299 F.3d 420, 458 & n.140 (5th Cir. 2002) (applying the waiver rule to inadequately-briefed arguments regarding whether certain counts were properly grouped under the guidelines); *see also, United States v. Bolar*, 483 F. App'x 876, 883 & n.3 (5th Cir. 2012) (explaining that although a "[r]eview of the [Sentencing Guidelines] calculation does reveal an error in the extortion value used to determine the guidelines range," the issue was waived because the defendant did not raise it on appeal); *United States v. Powell*, 402 F. App'x 930, 931 (5th Cir. 2010) (finding the defendant's "difficult-to-decipher" and "inadequately briefed" arguments regarding drug quantity determinations and his criminal history score were waived).

This makes sense because, as this Court has recognized, reasonableness review has two components—procedural, which can include a review of the calculation of the advisory range, and substantive, which, as here, includes a review of the length of the sentence. *United States v. Mondragon-Santiago*, 564 F.3d 357, 36 (5th Cir. 2009). Where, as in Douglas' case, the defendant waives review as to one component by declining to brief it on appeal, this Court should review his sentence as to the remaining component only. *See e.g., United States v. Lanning,* 633 F.3d 469, 474 (6th Cir. 2011) ("Lanning does not challenge the procedural reasonableness of his sentence. We will therefore limit our reasonableness review to whether the above-Guidelines sentence was substantively reasonable.") (cleaned up).

Instances in which this Court has declined to apply the waiver-by-failure-to-brief-it rule are distinguishable from this one. *Compare United States v. Miranda*, 248 F.3d 434, 443-44 (5th Cir. 2001) (exercising its discretion to consider an issue even though it was not raised in the defendant's brief; the issue was governed by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which had not been decided at the time the case was briefed, so "it [was] not completely accurate to characterize the issue as waived or abandoned," the defendant had raised a due process-type objection to his drug quantity calculation in the district court, and it was "clear from the record … that Appellants were sentenced in violation of constitutional due process" in the light of *Apprendi*); *United States v. Martinez*, 263 F.3d 436, 439-38 (5th Cir. 2001) (in a case in which the United States asserted that because the defendant had failed to file a reply brief responding to its appellate waiver argument, it had waived the right to argue against that theory, opting to exercise its discretion to nonetheless consider whether the appeal was barred by the appeal waiver; prior circuit law suggested that a waiver of the right to appeal would deprive the Court of jurisdiction, so the Court would have to review the plea agreement *sua sponte* to determine if it had jurisdiction to hear the case)[3]; *compare also, Keller v. Davis*, 712 F. App'x 435, 435-36 (5th Cir. 2018) (considering an argument not raised in the defendant's *pro se* brief because the argument was raised in the defendant's brief in support of a certificate of appealability, and where it was clear the district court erred in dismissing his habeas motion with prejudice); *Thomas v. Carter*, 593 F. App'x 338, 343 & n.3 (5th Cir. 2014) (electing to consider an argument not addressed in the defendant's brief because "the

---

[3] Later, this Court clarified that appellate waivers in plea agreements do not deprive the court of appeals of jurisdiction to hear the appeal. *United States v. Story*, 439 F.3d 226, 229-31 (5th Cir. 2006).

7

district court's order on this point was unclear such that the failure to brief this point initially is not a waiver").

In contrast, the probation officer's decision to treat the two sets of conduct as separate cases was apparent from the time the PSRs issued, yet the defendant opted not to challenge that approach on appeal, possibly for strategic reasons. Further, there has not been a change in the law regarding §§ 3D1.4 or 5G1.2 since the defendant filed his opening brief, and the apparent error here does not concern a constitutional violation, but only a miscalculation of an advisory guideline range. *See Beckles v. United States*, 137 S.Ct. 886, 894 (2017) ("Although the Guidelines remain the starting point and the initial benchmark for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court must make an individualized assessment based on the facts presented and the other statutory factors."). The total sentence imposed, though above the correctly calculated range, lawfully falls within both statutory ranges; comports with the provisions of 18 U.S.C. §§ 3584(a) and (b) regarding consecutive sentences; and was properly informed by the factors in 18 U.S.C. § 3553(a). United States' brief at pp. 26-35. This is not the kind of case that warrants an exception to this Court's well-established waiver rule.

Finally, the U.S. Supreme Court's recent decisions in *Rosales-Mireles v. United States*, 138 S.Ct. 1897 (2018), and *Molina-Martinez v. United States*, 136 S.Ct, 1338 (2016), do not compel a different result under the unique circumstances of this case. Though the Supreme Court, in both cases, recognized that a district court's erroneous calculation of the advisory range ordinarily warrants a remand for re-sentencing, in both of those cases, the alleged error *was noticed on appeal*, albeit for the first time, thus entitling the defendants to plain error review. *Rosales-Mireles*, 138 S.Ct. at 1905; *Molina-Martinez*, 136 S.Ct. at 1344. Thus, neither case presented a scenario, like this one, in which the defendant waived review of the guideline calculation by purposefully declining to challenge it in his opening brief.

Indeed, in reciting the three conditions for relief under the plain error standard applicable in both *Rosales-Mireles* and *Molina-Martinez*, the Supreme Court identified the first condition as "an error that has not been intentionally relinquished or abandoned." *Rosales-Mireles*, 138 S.Ct. at 1904; *Molina-Martinez*, 136 S.Ct. at 1343. This circuit has often characterized issues that are not briefed (or are inadequately briefed) as "abandoned." *See e.g., United States v. Bates*, 850 F.3d 807, 811 (5th Cir. 2017) ("Failure of an appellant to properly

argue or present issues in an appellate brief renders those issues abandoned."); *Cinel*, 15 F.3d at 1345 ("An appellant abandons all issues not raised and argued in its initial brief on appeal."); *United States v. Ceballos*, 789 F.3d 607, 619 (5th Cir. 2015) ("Ceballos has abandoned this claim of error through inadequate briefing.").

At bottom, though the district court apparently erred in its guideline calculation, the defendant has waived review of the procedural reasonableness of his sentence, both through the appellate waiver applicable to the kidnaping sentence, and his election not to brief the procedural reasonableness of either sentence. This Court should review only the issue raised in his opening brief: the substantive reasonableness of the sentences, and it should do so with regard to the advisory ranges applied at sentencing. To do otherwise would assume a duty to verify *every* aspect of the guideline calculation in *every* case, even where the defendant has opted not to challenge that guideline determination on appeal.

                          Respectfully submitted:

                          DAVID C. JOSEPH
                          United States Attorney

                          *s/Camille A. Domingue*

By: _____
      CAMILLE A. DOMINGUE (#20168)
      Assistant United States Attorney
      800 Lafayette Street, Suite 2200
      Lafayette, LA 70501
      (337) 262-6618

CAD/lsa

cc:    Mr. T. Taylor Townsend
       Ms. Nichole M. Buckle

# COMPLIANCE WITH ECF FILING STANDARDS

I hereby certify that a copy of the foregoing Supplemental Letter Brief on behalf of Appellee, The United States of America, was filed electronically with the Fifth Circuit Court of Appeals using the electronic filing system. Notice of this filing will be sent to counsel of record either by operation of the court's electronic filing system and/or via United States Mail to:

Mr. T. Taylor Townsend
320 St. Denis
Natchitoches, LA 71458

Ms. Nichole M. Buckle
STROUD, CARMOUCHE & BUCKLE, P.L.L.C.
7330 Fern Avenue, Suite 903
Shreveport, LA 71105.

In addition, I hereby certify that: (1) all required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. R. 25.2.1; and, (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Lafayette, Louisiana, this the 25th day of October, 2018.

BY: *s/ Camille A. Domingue*
CAMILLE A. DOMINGUE (#20168)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
(337) 262-6618

# CERTIFICATE OF COMPLIANCE

1. This Supplemental Letter Brief complies with the page limitation set forth in this Court's October 17, 2018, order because:

    (a) This letter brief consists of __9__ pages.

2. This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    (a) This brief has been prepared in a proportionally spaced typeface using:

    Software Name and Version – **Microsoft Word 2016**;

    in Typeface Name and Font Size – **Calisto MT 14 pt.**


*s/Camille A. Domingue*　　　　　　　　October 25, 2018
CAMILLE A. DOMINGUE (#20168)　　　Date
Assistant United States Attorney